Dear Chief Minor:
You advise this office that a police officer for the Town of Baldwin desires to hold the local elective office of councilman in a "neighboring municipality". You request our opinion concerning the legality of this arrangement.
The state Dual Officeholding and Dual Employment Laws, R.S. 42:61, etseq., do not prohibit one from holding local elective office and employment in a separate political subdivision of the state. Rather, R.S. 42:63(D) prohibits a person from holding elective office in a political subdivision of the state and holding "at the same time employment in the same political subdivision in which he holds elective office". Since these positions fall within two different municipalities, the prohibition of law becomes inapplicable.
However, you advise that the elective office of councilman falls within a municipality governed by a home rule charter. We suggest that the provisions of the municipal home rule charter be reviewed to determine whether there are provisions which prohibit an elected official from simultaneously holding another municipal office. Such a provision would be controlling, as R.S. 42:66(D) states:
 D. Nothing in this Part shall be construed to prohibit a municipal and/or parochial officer or employee from holding another municipal and/or parochial office or employment as specifically authorized by a legislative or home rule charter, nor shall it be construed to authorize a municipal and/or parochial officer or employee to hold another municipal and/or parochial office or employment when prohibited by a home rule charter.
We hope the foregoing is helpful to you. Should you have other questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
BY: ____________________
 KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Released: June 10, 2002